LYLES v. TERRY & TENCH CO.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

MASTER AND SERVANT ⟨Key⟩233(2)—INJURIES TO SERVANT—SAFE PLACE OF WORK.
    Where the defendant master furnished his servant a safe pathway, but
    the servant was injured in attempting to climb over iron beams, the
    servant could not recover.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 702;
    Dec. Dig. ⟨Key⟩233(2).]

Appeal from Trial Term, New York County.

Action by Rudolph D. Lyles against the Terry & Tench Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Charles Capron Marsh, of New York City, for appellant.
Francis X. McCollum, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff, an iron worker, on the 31st of May, 1913, was, and for some time prior thereto had been, in the employ of the defendant, engaged, with others, in the erection of the iron work on the Biltmore Hotel in the city of New York. On the day in question all of the iron floor beams had been substantially put in position up to and including the fourteenth floor, and preparations were then being made to erect the iron columns for the fifteenth floor. The plaintiff was at work at the northerly end of the fourteenth floor, in what is termed in the record "fitting up," which is putting bolts in the iron beams theretofore placed in position and tightening them. Shortly after 10 o'clock in the forenoon of that day he had occasion to leave the place where he was at work and go to the southwest corner of the building for the purpose of obtaining more bolts. The beams upon this floor had been, at least in part, covered with planks, and in going from the place where he was at work to the place where the bolts were he walked west towards Madison avenue, and then south towards the derrick, on planking laid upon these floor beams, until he came to a pile of iron beams extending east and west, lying on the planks. This pile was 3 or 4 feet in height and contained between 20 and 30 beams, 15 to 18 feet in length. When the plaintiff reached this pile, instead of going around to the west of it, as he might have done, on planking there laid, attempted to climb over the pile, and in doing so some of the beams fell upon his right leg and foot, inflicting very serious injuries. He brought this action to recover the damages sustained, on the ground that the same were caused by the defendant's negligence. He had a verdict for $8,500, and from the judgment entered thereon defendant appeals.

It is sought to sustain the judgment upon the ground that the plaintiff's injuries were caused by defendant's negligence in failing to provide for him a safe way from the place where he was at work to the place where he was going for the bolts. If a safe way were provided

over which he might have traveled, then his injuries cannot be said to have been caused by defendant's negligence, but were rather due to his own carelessness in not taking such way, instead of trying to climb over the beams. When the whole evidence is considered, it conclusively establishes that there was a safe way which he could have taken. He could have passed to the west end of the beams, where there were sufficient planks upon which he could have walked. Indeed, this fact is established by the evidence of himself and the witnesses produced by him. His witness Gansler so testified, and he was corroborated by the witness Cooney; but the latter said that some of the beams extended over the planked space. The latter also testified that he was working, when the accident occurred, within 20 feet of the pile of beams; that he immediately went to the assistance of the plaintiff, and in doing so walked on the planking around the west end of the pile, stepping over the projecting beams. The photographs, which were taken shortly after the accident, show the existence of such planks. It is true one witness, Gansler, testified that he did not think the photographs were a correct representation of the planking when the accident occurred, since they showed an iron column in the pile of beams, and there was none there when the plaintiff was injured. But, on being asked to point out this column, he pointed out what is perfectly obvious from an inspection of the photograph was not a column at all, but a shadow of one of the beams cast upon the planking. Nor did the plaintiff himself testify that there was no planking at the west of the beams over which he might have gone. All he would say on that subject was that as far as he could see from where he was the pile of beams extended up to the edge of the building. He did not try to go that way, and finally admitted that he did not look very closely at the west end of the pile, and there may have been a planked space there, and he would not swear there were not planks there.

So that at the close of plaintiff's case, giving to the testimony offered by him and his witnesses the most favorable view that can be taken of it, and all inferences that can fairly be drawn therefrom, it did not establish negligence on the part of the defendant. It had provided a safe way, and cannot be held liable because plaintiff attempted to walk across the pile of beams when he must have known that they were not furnished to travel upon. On the part of the defendant the evidence not only corroborates that of the plaintiff as to there being a planked way at the west end of the beams, but conclusively establishes that fact. Eight witnesses were produced by it, all substantially to the effect that there was sufficient planking to the west of the beams upon which the plaintiff could have walked. There was at the conclusion of the trial, therefore, nothing to submit to the jury upon defendant's negligence, and the motion made at the close of plaintiff's case, as well as at the close of the whole testimony, should have been granted.

Other errors are alleged which would require serious consideration, but the conclusion reached renders it unnecessary to pass upon them.

The judgment appealed from, therefore, is reversed, and, inasmuch as the evidence failed to establish any negligence on the part of the defendant, the complaint is dismissed, with costs. Order filed. All concur.